# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BANK OF NEW YORK MELLON, | Case No. 2:17-CV-1802 JCM (CWH) |
| Plaintiff(s), | ORDER |
| v. | |
| TRACCIA COMMUJNITY ASSOCIATION, et al., | |
| Defendant(s). | |

Presently before the court is defendant Traccia Community Association's (the "HOA") motion to dismiss. (ECF No. 7). Plaintiff Bank of New York Mellon ("BNYM") and defendant SFR filed responses (ECF Nos. 20, 22), to which the HOA replied (ECF No. 23).

Also before the court is defendant SFR's motion to dismiss. (ECF No. 21). Plaintiff filed a response (ECF No. 24), to which SFR replied (ECF No. 25).

**I.    Introduction**

This action involves the parties' interests in real property located at 2440 Granada Bluff Court, Las Vegas, Nevada, 89135 ("the property"). (ECF No. 1).

*a. Plaintiff's interest in the property*

On November 14, 2005, Ryan Bundy (the "borrower") obtained title to the property. *Id.* On January 12, 2007, the borrower obtained a loan from Countrywide Home Loans, Inc. ("Countrywide") in the amount of $399,000. *Id.* The borrower also executed a promissory note in favor of Countrywide and a deed of trust to secure repayment of the loan. *Id.* On November 18, 2005, the deed of trust was recorded showing Ryan Bundy as borrower and Countrywide as lender.. *Id.* "The deed of trust was [thereafter] assigned to [BNYM]." (ECF No. 22 at 2).

**James C. Mahan**
**U.S. District Judge**

*b. Defendants' interest in the property*

On December 24, 2007, the HOA, through Taylor Association Management, LLC, recorded a notice of delinquent assessment against the property stating an amount due of $2,122.03. *Id.* On November 12, 2010, the HOA, through Nevada Association Services ("NAS"), recorded a notice of default and election to sell stating an amount due of $3,202.99. *Id.*

On May 4, 2011, the HOA, through NAS, recorded a notice of trustee's sale stating an amount due of $5,372.16. *Id.* On August 14, 2012, the HOA, through NAS, recorded a second notice of foreclosure sale, stating an amount due of $9,782.33 and an anticipated sale date of September 14, 2012. *Id.*

Bank of America National Association ("BOA") was plaintiff's predecessor in interest. *Id.* On September 5, 2012, counsel for BOA sent NAS a letter requesting a payoff ledger. *Id.* NAS did not provide BOA with a ledger. *Id.* Based on ledgers from different properties under the same HOA, BOA sent NAS a check for $2,620 on September 14, 2012, which represented BOA's estimate of nine months of assessments and reasonable collection costs. *Id.* The HOA, through NAS, did not accept or cash the check. *Id.*

On January 18, 2013, the HOA foreclosed on the property. *Id.* Defendant SFR purchased the property at the foreclosure sale for $18,900. *Id.* A trustee's deed upon sale was recorded against the property on January 24, 2013. *Id.*

*c. Plaintiff's complaint*

Plaintiff filed the underlying complaint on June 30, 2017. (ECF No. 1). The complaint challenges the legal effect of the January 18, 2013, HOA foreclosure sale and seeks to preserve plaintiff's pre-sale interest in the property. *Id.* Plaintiff alleges the following causes of action: (1) quiet title/declaratory judgment against all defendants; (2) breach of NRS 116.1113 against the HOA and NAS; (3) wrongful foreclosure against the HOA and NAS; and (4) injunctive relief against SFR. (ECF No. 1).

**II.     Legal Standard**

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain

statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. 662, 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

### III. Discussion

As an initial matter, claim (4) of plaintiff's complaint will be dismissed without prejudice as the court follows the well-settled rule in that a claim for "injunctive relief" standing alone is not a cause of action. *See, e.g.*, *In re Wal-Mart Wage & Hour Emp't Practices Litig.*, 490 F. Supp. 2d 1091, 1130 (D. Nev. 2007); *Tillman v. Quality Loan Serv. Corp.*, No. 2:12-CV-346 JCM RJJ, 2012 WL 1279939, at *3 (D. Nev. Apr. 13, 2012) (finding that "injunctive relief is a remedy, not an independent cause of action"); *Jensen v. Quality Loan Serv. Corp.*, 702 F. Supp. 2d 1183, 1201 (E.D. Cal. 2010) ("A request for injunctive relief by itself does not state a cause of action.").

In its motion to dismiss, the HOA argues that the HOA is not a necessary party to the litigation, that plaintiff's claims are time-barred, and that plaintiff's declaratory relief causes of action fail to state a claim upon which relief can be granted. (ECF No. 7).

*a. Whether the HOA is a necessary party*

The HOA argues that it has no interest in the litigation. *Id.* In response, plaintiff argues that the HOA is a necessary party under Federal Rule of Civil Procedure 19(a)(1)(A). (ECF No. 22). Further, defendant SFR states that the HOA is a necessary party to the litigation. (ECF No. 20).

Under Rule 19(a), a party must be joined as a "required" party in two circumstances: (1) when "the court cannot accord complete relief among existing parties" in that party's absence, or (2) when the absent party "claims an interest relating to the subject of the action" and resolving the action without that party may, practically, "impair or impede the person's ability to protect the interest," or may "leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a)(1).

This court has previously held that dismissal is appropriate when the holder of the prior deed of trust seeks a declaration that the deed of trust survived foreclosure sale. *See, e.g.*, *Bayview Loan Servicing, LLC v. SFR Investments Pool 1, LLC*, No. 2:14-CV-1875-JCM-GWF, 2015 WL 2019067, at *1 (D. Nev. May 1, 2015). In contrast, this court has also held that dismissal is inappropriate in these circumstances when the holder of the prior deed of trust challenges the validity of the foreclosure sale. *See, e.g.*, *Nationstar Mortg., LLC v. Berezovsky*, No. 2:15-CV-

909-JCM-CWH, 2016 WL 1064477, at *3–4 (D. Nev. Mar. 2016). Therefore, the nature of the remedy sought dictates the necessary parties.

In addition, this court has reasoned that parties facing a quiet title claim are necessary parties when the court's potential invalidation of the foreclosure sale could alter their possible liability to other entities in the case. *See Nationstar Mortg., LLC v. Maplewood Springs Homeowners Ass'n*, No. 2:15-CV-1683-JCM-CWH, 2017 WL 843177, at *6 (D. Nev. Mar. 1, 2017); *see also Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 879 (9th Cir. 2004) (considering the desire to avoid redundant litigation and specifying rule 19(a)(1)'s focus on allowing "meaningful relief"). Therefore, the HOA is, at this point in the present litigation, a necessary party.

   *b. Whether plaintiff's claims are time-barred*

The HOA and SFR argue that plaintiff's claims are time-barred pursuant to NRS 11.190. (ECF Nos. 7, 21).

Claim (1) of plaintiff's complaint alleges quiet title against all defendants. (ECF No. 1). Under Nevada law, "[a]n action may be brought by any person against another who claims an estate or interest in real property, adverse to the person bringing the action for the purpose of determining such adverse claim." Nev. Rev. Stat. § 40.010. "A plea to quiet title does not require any particular elements, but each party must plead and prove his or her own claim to the property in question and a plaintiff's right to relief therefore depends on superiority of title." *Chapman v. Deutsche Bank Nat'l Trust Co.*, 302 P.3d 1103, 1106 (Nev. 2013) (internal quotation marks and citations omitted). Therefore, for plaintiff to succeed on its quiet title action, it needs to show that its claim to the property is superior to all others. *See also Breliant v. Preferred Equities Corp.*, 918 P.2d 314, 318 (Nev. 1996) ("In a quiet title action, the burden of proof rests with the plaintiff to prove good title in himself.").

Under NRS 40.010, an "action may be brought by any person against another who claims an estate or interest in real property, adverse to the person bringing the action, for the purpose of determining such adverse claim." Nev. Rev. Stat. § 40.010. Further, NRS 11.070 sets forth a five-years limitations period for quiet title claims. Nev. Rev. Stat. § 11.070. The foreclosure sale took

place on January 18, 2013. Plaintiff brought this lawsuit less than five years later, on June 30, 2017. Accordingly, plaintiff's quiet title claim is not barred by the applicable statute of limitations.

Claim (2) of BNYM's complaint alleges that the HOA and NAS violated NRS 116.1113, which imposes an obligation of good faith in every contract or duty governed by Chapter 116. (ECF No. 1). For relief, BNYM seeks damages in the amount of either the property's fair market value or the unpaid principal on the loan as of the date of the HOA sale. (ECF No. 1).

Because claim (2) is a claim for damages based on the alleged breach of a statutory duty, it must be brought within three years. *See* Nev. Rev. Stat. § 11.190(3)(a). BNYM brought this lawsuit more than three years after the foreclosure sale. Therefore, claim (2) is time-barred, and the HOA's motion to dismiss will be granted as to this claim.

Claim (3) alleges wrongful foreclosure against the HOA and NAS. (ECF No. 1). Plaintiff seeks damages in the amount of the property's fair market value or the unpaid principal loan balance as of the time of the foreclosure sale. *Id.* A tortious wrongful foreclosure claim "challenges the authority behind the foreclosure, not the foreclosure act itself." *McKnight Family, L.L.P. v. Adept Mgmt.*, 310 P.3d 555, 559 (Nev. 2013). NAS's authority to foreclose on the HOA lien on behalf of the HOA arose from Chapter 116, essentially rendering claim (3) a claim for damages based on liability created by a statute. Therefore, claim (3) is time-barred under NRS 11.190(3)(a) because it was not brought within three years.

  *c. Whether plaintiff's complaint states a claim upon which relief can be granted*

Defendant HOA argues that plaintiff's complaint fails to state a claim for quiet title and that plaintiff's constitutional and notice-based challenges to the foreclosure sale fail. (ECF No. 7).

Defendant HOA's argument relies on the conclusive effect of the deed recitals in this case. (ECF No. 7). The Nevada Supreme Court and this court have repeatedly held that while NRS 116.3116 accords certain deed recitals conclusive effect—*e.g.*, default, notice, and publication of the notice of sale—it does not conclusively, as a matter of law, entitle the buyer at the HOA foreclosure sale to success on a quiet title claim. *See Shadow Wood*, 366 P.3d at 1112 (rejecting contention that NRS 116.31166 defeats, as a matter of law, actions to quiet title); *see, e.g., Bank of New York Mellon v. Cascade Homeowners Association, Inc. et al*, 2:16-cv-01317-JCM-VCF,

2017 WL 3260598 (D. Nev. July 31, 2017); *Bank of America, N.A. v. Ann Losee Homeowners Association et al*, no 2:16-cv-00407-JCM-CWH, 2017 WL 2192968 (D. Nev. May 18, 2017). Therefore, without considering the merits of that claim, the court finds that plaintiff's complaint states a claim upon which relief can be granted. *See Shadow Wood*, 366 P.3d at 1112.

### IV. Conclusion

The court will dismiss plaintiff's second, third, and fourth causes of action for failure to state a claim upon which relief can be granted.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the HOA's motion to dismiss (ECF No. 7) be, and the same hereby is, GRANTED in part and DENIED in part, consistent with the foregoing.

IT IS FURTHER ORDERED that SFR's motion to dismiss (ECF No. 21) be, and the same hereby is, GRANTED in part and DENIED in part, consistent with the foregoing.

DATED March 23, 2018.

_____
UNITED STATES DISTRICT JUDGE