UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BANK OF NEW YORK MELLON,<br><br>Plaintiff(s),<br><br>v.<br><br>TRACCIA COMMUJNITY ASSOCIATION, et al.,<br><br>Defendant(s). | Case No. 2:17-CV-1802 JCM (CWH)<br><br>ORDER |

Presently before the court is plaintiff Bank of New York Mellon's ("plaintiff") motion for summary judgment. (ECF No. 46). Defendants Traccia Community Association ("the HOA") and SFR Investments Pool 1, LLC ("SFR") filed separate responses (ECF Nos. 48, 54), to which plaintiff replied (ECF No. 58).

Also before the court is SFR's motion for summary judgment. (ECF No. 49). Plaintiff filed a response (ECF No. 55), to which SFR replied (ECF No. 59).

Also before the court is SFR's motion to strike. (ECF No. 53). Plaintiff has not filed a response, and the time to do so has passed.

Lastly before the court is plaintiff's motion for leave to file supplemental authority. (ECF No. 60). SFR filed a response. (ECF No. 61). Plaintiff has not filed a reply, and the time to do so has passed.

**I.     Facts**

This case involves a dispute over real property located at 2440 Granada Bluff Court, Las Vegas, Nevada (the "property"). (ECF No. 46). On November 11, 2005, Ryan Bundy ("borrower") purchased the property. *Id.* Borrower obtained a loan in the amount of $399,000

from Countrywide Home Loans, Inc. ("Countrywide") to finance his purchase. (ECF No. 46-1). The loan was secured by a deed of trust recorded on November 18, 2005. *Id.*

On December 24, 2007, the HOA recorded a notice of delinquent assessment lien for borrower's failure to pay the HOA's monthly assessments, stating an amount due of $2,122.03. (ECF No. 46-4). Plaintiff obtained its interest in the deed of trust on January 15, 2010, via an assignment of the deed of trust. (ECF No. 46-2).

On November 12, 2010, the HOA recorded a notice of default and election to sell to satisfy the delinquent assessment lien, stating an amount due of $3,202.99. (ECF No. 46-7). On May 4, 2011, the HOA recorded a notice of foreclosure sale, stating an amount due of $5,372.16. (ECF No. 46-10). Finally, on August 14, 2012, the HOA recorded a second notice of foreclosure sale, stating an amount due of $9,782.33. (ECF No. 46-11).

On September 5, 2012, Bank of America, N.A. ("BOA") (the servicer of the loan at the time), sent the HOA a letter requesting a payoff ledger. (ECF No. 46-12). The HOA did not provide BOA with a ledger. (ECF No. 46). Nevertheless, based on ledgers from different properties in the same housing development, BOA sent the HOA a check for $2,620.00 on September 14, 2012, which represented a sum in excess of BOA's calculation of nine months of common assessments on the property. (ECF No. 46-12). The HOA did not accept or cash the check. (ECF No. 46).

On January 18, 2013, the HOA foreclosed on the property. (ECF No. 46-13). Defendant SFR purchased the property at the foreclosure sale for $18,900.00. *Id.* A foreclosure deed in favor of SFR was recorded on January 24, 2013. *Id.*

Plaintiff initiated this action on June 30, 2017, asserting claims for (1) quiet title/declaratory relief; (2) breach of NRS 116.1113; (3) wrongful foreclosure; and (4) "injunctive relief." (ECF No. 1). On March 23, 2018, the court entered an order granting in part defendants' motions to dismiss, thereby dismissing plaintiff's second, third, and fourth causes of action. (ECF No. 35).

On April 6, 2018, SFR filed its answer and counterclaims/crossclaims against plaintiff and borrower, alleging claims for (1) quiet title/declaratory relief, and (2) "preliminary and permanent

**James C. Mahan**
**U.S. District Judge**

- 2 -

injunction." (ECF No. 39). The court now considers plaintiff and SFR's counter-motions for summary judgment.

**II.  Legal Standard**

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

For purposes of summary judgment, disputed factual issues should be construed in favor of the non-moving party. *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990). However, to be entitled to a denial of summary judgment, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial." *Id.*

In determining summary judgment, a court applies a burden-shifting analysis. The moving party must first satisfy its initial burden. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

By contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the non-moving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

James C. Mahan
U.S. District Judge

- 3 -

1    If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).

In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

**III.    Discussion**

As a preliminary matter, SFR does not oppose plaintiff's motion for leave to file supplemental authority. (ECF No. 61). Accordingly, the court will grant plaintiff's motion.

*a.    SFR's motion to strike*

SFR moves to strike plaintiff's motion for summary judgment insofar as it raises arguments related to borrower's payments to the HOA prior to the foreclosure sale. (ECF Nos. 53–54). However, the court finds that it can resolve the pending motions for summary judgment without relying upon the contested assertions. Accordingly, the court will deny as moot SFR's motion to strike. *Id.*

. . .

*b. Plaintiff's motion for summary judgment*

Plaintiff argues in its motion for summary judgment that it is entitled to judgment on its quiet title claim because, among other things, it properly tendered the superpriority portion of the HOA's lien. (ECF No. 46). In light of the recent Nevada Supreme Court case, *Bank of America, N.A. v. SFR Invs. Pool 1, LLC*, the court agrees.

Under NRS 116.31166(1), the holder of a first deed of trust may pay off the superpriority portion of an HOA lien to prevent the foreclosure sale from extinguishing the deed of trust. *See* Nev. Rev. Stat. § 116.31166(1); *see also SFR Investments*, 334 P.3d at 414 ("But as a junior lienholder, BOA could have paid off the SHHOA lien to avert loss of its security . . ."). The superpriority portion of the lien consists of "the last nine months of unpaid HOA dues and maintenance and nuisance-abatement charges," while the subpriority piece consists of "all other HOA fees or assessments." *SFR Investments*, 334 P.3d at 411; *Horizons at Seven Hills Homeowners Association v. Ikon Holdings, LLC*, 373 P.3d 66 (Nev. 2016).

In *Bank of America*, the Nevada Supreme Court held that a foreclosure sale did not extinguish a first deed of trust when Bank of America, the holder of the deed of trust, used the HOA's representations to calculate and tender the sum of nine months of delinquent assessments. *Bank of America*, 427 P.3d at 121. Although the superpriority portion of an HOA lien typically includes maintenance and nuisance abatement charges, the court held that "Bank of America tendered the correct amount to satisfy the superpriority portion of the lien . . . [because] the HOA did not indicate that the property had any charges for maintenance or nuisance abatement." *Id.* at 118.

The Nevada Supreme Court's holding in *Bank of America* controls the court's analysis in this case. As in *Bank of America*, the HOA has not indicated that the property had any charges for maintenance or nuisance abatement. *See Bank of America*, 427 P.3d at 118. Thus, when BOA (plaintiff's predecessor in interest) sent a check for more than nine months of assessments to the HOA, it properly tendered the superpriority portion of the lien. Indeed, it makes no difference that BOA relied on a ledger from a different property subject to the same HOA common assessments to calculate the amount of the superpriority portion of the lien, as plaintiff tendered an amount that

undisputedly represented nine months of assessments. *See id*. at 118. *See also Tyrone & In-Ching, LLC v. U.S. Bank, N.A.*, 430 P.3d 533 (Nev. 2018); *NV Eagles, LLC v. Christiana Trust*, 429 P.3d 1254 (Nev. 2018).

Therefore, the nonjudicial foreclosure sale did not extinguish the deed of trust. *See id*. at 121 ("It follows that after a valid tender of the superpriority portion of an HOA lien, a foreclosure sale . . . cannot extinguish the first deed of trust"). In light of the foregoing, the court finds that plaintiff is entitled to judgment as a matter of law on its quiet title claim, and therefore plaintiff's deed of trust continues to encumber the property. *See* (ECF No. 46).

*c. SFR's motion for summary judgment*

Because the court holds that plaintiff is entitled to summary judgment on its quiet title claim, the court must necessarily deny SFR's counter-motion for summary judgment. (ECF No. 49).

**IV. Conclusion**

As a result of the foregoing, plaintiff has demonstrated that its deed of trust continues to encumber the property, and that SFR has taken title subject to its deed of trust. No other relief is granted, and all other claims are dismissed.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's motion for summary judgment (ECF No. 46) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that SFR's motion for summary judgment (ECF No. 49) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that SFR's motion to strike (ECF No. 53) be, and the same hereby is, DENIED as moot.

IT IS FURTHER ORDERED that plaintiff's motion for leave to file supplemental authority (ECF No. 60) be, and the same hereby is, GRANTED.

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

The clerk of court is instructed to enter judgment accordingly and close the case.

DATED February 15, 2019.

_____
UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge